RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/7/12
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ZENO DAVENPORT, JR. | DOCKET NO: 11-CV-1638; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| NATCHITOCHES PARISH DETENTION CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Zeno Davenport, Jr., filed *in forma pauperis*. Plaintiff is incarcerated at the Natchitoches Parish Detention Center (NPDC) in Natchitoches, Louisiana. He complains of the loss of personal property, and he seeks compensatory damages.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### *Factual Allegations*

Plaintiff alleges that certain items of personal property were discovered missing after he spent ten days in administrative segregation.

### *Law and Analysis*

"To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v.

Atkins, 487 U.S. 42, 48, (1988). Because the deprivation must be intentional, negligent conduct cannot serve as the basis for a §1983 claim. See Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)). Plaintiff has not identified a constitutional right of which he was deprived.

To the extent that Plaintiff seeks to raise a claim under the Due Process Clause of the Fourteenth Amendment for the negligent deprivation of personal property, his claim fails. The jurisprudence makes it abundantly clear that a prisoner's claim for a random deprivation of personal property is *not* cognizable under §1983. In Parratt v. Taylor, 451 U.S. 527, 544 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the *State's* post-deprivation tort remedy provided all the process that was due. Id., 451 U.S. at 536-37.

To the extent that Plaintiff complains of an intentional deprivation of personal property, the claim fails. It is well-settled that even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson v. Palmer, 468 U.S. 517 (1984); Davis v. Bayless, 70 F.3d 367 (5th Cir. 1995);

Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994).

The Fourteenth Amendment does not afford Plaintiff a remedy. See Daniels v. Williams, 474 U.S. 327, 325 (1986). He alleges a random and unauthorized deprivation of property. Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), cert. denied, 505 U.S. 1205 (1992).

Accordingly,

IT IS RECOMMENDED that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this**

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE